### T. L. MARSALIS v. J. H. BROWN.

(No. 2665, Op. Book No. 4, p. —.)

ERROR from Brown County.   Opinion by HURT, J.

§ **453.** *Trial of right of property; goods verbally assigned; where the assignor is authorized to sell and pay off assignee's debt; validity of.*   Smith was indebted to Marsalis in the sum of $180.   Under a verbal contract Smith delivered to Denny, the agent of Marsalis, goods amounting to the value of $233.86.   The contract between Denny and Smith was in substance that the goods were to be deposited in the warehouse of Bryan & Co., and both Denny and Smith were authorized to sell at private sale said goods to best advantage, the proceeds to be applied to the payment of the debt of Marsalis, and any overplus to Smith.   At the time Smith delivered the goods to Denny, agent of Marsalis, he, Smith, was indebted to J. H. Brown, and Smith at that time was unable to meet the demand of Brown and other creditors. Brown sued on his debt and procured an attachment, which was levied on the goods.   Denny, agent of Marsalis, filed affidavit and claim bond to try the right of property.   Upon the questions of law the court found "that said pledge or mortgage was void as to other creditors, because it was not in writing, and that said pledge or mortgage was void as to plaintiff Brown, be-

cause there was no sufficient delivery, possession and control of said goods to and by Marsalis."

The judgment was that Brown recover from Marsalis and the sureties on his claimant's bond the sum of $233.86, it being the value of the property claimed, with interest and costs. *Held*, a writing was not essential to the validity or legality of the contract in this instance. The transaction was not of that character that the engagements of the parties depended upon a written instrument in order to make the mutual undertakings binding.

§ 454. *Delivery and possession.* Under the facts stated, the delivery of the property was complete; consequently the possession of Marsalis was complete. It may be the fact that the contract between Denny & Smith, having authorized Smith to act, with certain limitations, in the disposition of the goods, had some influence with the court below in passing upon the question of delivery and possession.. We deem it sufficient to say that, in our opinion, if so, this does not bear upon the question of delivery and possession, but solely upon the question of good faith, which is not involved in the findings of the court in this case. [Good v. Coombs, 28 Tex. 34; Burrill on Assignments, 430, 431.]

§ 455. *Fraud and badges of fraud.* From the evidence adduced, the real question which should have engaged the attention of the court below was whether or not there was fraud practiced by any of the parties to this transaction. But conceding that Smith had practiced a fraud, still we hold that such fraud would not have bound Marsalis unless it were further shown that he, too, was a party to and participated in such fraud. While it may be true that the authority conferred upon Smith to make sale of the property and apply the proceeds to the satisfaction of the Marsalis debt may be regarded in the light of a suspicious circumstance, looking to an unlawful and illegal collusion, still it is not of itself sufficient to impart to the transaction itself that taint of fraud which is sufficient to vitiate it.

**§ 456.** *Error in judgment with reference to the findings of the facts.* In its findings upon the facts, the court found that the property in controversy was of the value of $150; yet upon this finding the court gave judgment against the appellant for the sum of $233.86. This was palpably wrong.

May 30, 1883.    Reversed and remanded.